CASE 58—MISDEMEANOR—FEBRUARY 5, 1881.

## The Commonwealth v. Wheeler.

APPEAL FROM MADISON CIRCUIT COURT.

1. No penalty has been denounced against a person *not a merchant* for selling vinous or spirituous liquors when they are not drunk on the premises where sold, or adjacent thereto.
2. Before a person is required to obtain a license to sell whisky, he must be engaged in merchandising, and in the sale of other things than spirituous liquors.

The Commonwealth v. Wheeler.

P. W. HARDIN, ATTORNEY GENERAL, AND C. J. BRONSTON FOR AP-
PELLANT.

The word merchant is comprehensive. One who engages solely in the
traffic or sale of liquors is a merchant. If this be not the case, a
party who is in good faith a merchant must obtain license to sell,
while a party who is not a merchant may sell as much whisky as
he chooses without license, provided it is not drunk on his premises.
or adjacent thereto.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee was indicted for merchandising liquor, the speci-
fication being that he sold one quart of whisky to Vincent
& Warren without license authorizing him so to do. The
evidence established that appellee was a farmer; that he kept
a barrel of whisky at his residence for sale in small quan-
tities; that he kept nothing else for sale; that he sold the
whisky as charged in the indictment, and that he had no
license therefor. On the conclusion of the evidence, the
jury, under a peremptory instruction, found the accused not
guilty. The commonwealth on this appeal questions the
correctness of the ruling of the lower court in giving the
instruction.

The ruling of the lower court was correct. By an unac-
countable oversight of the law-making department of the
government no penalty has been denounced against such
selling of spirituous or vinous liquors when they are not
drunk upon the premises where sold or adjacent thereto.

The third section of article 35 of chapter 29, General
Statutes, provides, that one having no license therefor who
shall sell, in any quantity, wine or spirituous liquors, or the
mixture thereof, to be drunk in the house where sold or on
adjacent premises, shall be fined in the sum of sixty dollars.

Section 6 of same article denounces a penalty of twenty
dollars against any one who, without lawful authority, shall
sell vinous or spirituous liquors in any quantity to be drunk

at the place of sale, or on premises adjacent thereto, and which shall be so drunk.

Section 5 of article 3 of chapter 92 of General Statutes provides a penalty of sixty dollars to be paid by any tavern-keeper or merchant who shall sell spirituous liquors without having obtained license therefor.

Section 1 of article 2, chapter 106, of General Statutes, reads: "A merchant may sell at his store-house, to be taken off and drunk elsewhere than on his premises or adjacent thereto, any wine, spirituous liquors, or the mixture thereof, in any quantity not less than a quart. But before he shall so sell he shall obtain from the county court a license therefor."

Section 3 of article 2 of chapter 106, General Statutes, as amended, authorizes a distiller to sell spirits of his own manufacture at his residence in quantities not less than a quart.

It will be seen from these provisions of the statute that before one is required to obtain license to sell whisky he must be engaged in merchandising and the sale of other things than whisky or spirituous liquors, and as the right to sell spirituous liquors or any other article of consumption exists in every case where not forbidden by statute, it follows that such a sale as is here complained of, when the whisky sold is not drunk upon the premises or adjacent thereto, is not in violation of law.

Judgment affirmed.