### COMMONWEALTH *v.* J. W. SIMRALL.

[Abstract Kentucky Law Reporter, Vol. 3—395.]

**Criminal Law—Sale of Liquors.**

It is no offense either at common law or under the statute to sell whisky in any quantity without license, unless the person so selling is a merchant or unless the liquor is sold to be drunk upon the premises or adjacent thereto.

**Indictment for Creating a Nuisance.**

It is an offense to rent a house for the use and purpose of creating a nuisance, but to make the indictment good it must set forth facts constituting such an offense. It is not enough to charge that the accused knowingly and wilfully rented the house for the sale of vinous and spirituous liquors, and for the purpose of erecting a tippling house where such liquors were to be sold, the accused having no license therefor, if no charge is made that such liquor was sold to be drunk on the premises or adjacent thereto and no charge is made that the person to whom the house was rented was a merchant.

### APPEAL FROM BOYLE CIRCUIT COURT.

November 15, 1881.

OPINION BY JUDGE HINES:

The indictment here is for renting a house for the use and purpose of creating a nuisance, which is an offense at common law. *Cheek v. Commonwealth,* 79 Ky. 359, 2 Ky. L. 339. But the specifications in the indictment do not set forth facts constitut-

ing such an offense. The specifications, in substance, are that appellee "knowingly and wilfully rented the house for the sale of vinous and spirituous liquors, and for the purpose of erecting a tippling house, where vinous and spirituous liquors were to be sold, the person so renting having no license therefor." There is no charge that the person to whom the premises were rented was a merchant, or that liquor was to be sold or was sold to be drunk upon the premises or adjacent thereto. As decided by this court in *Commonwealth v. Wheeler,* 79 Ky. 284, 2 Ky. L. 199, it is no offense either at common law or under the statute to sell whisky in any quantity without license unless the person so selling is a merchant, or unless the liquor is sold to be drunk upon the premises or adjacent thereto.

Judgment *affirmed.*

P. W. Hardin, for appellant.

Durham & Jacobs, for appellee.